

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed June 9, 2008

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AUSTIN FREDERICK SHIRES AND | § | CASE NO. 07-20156-RLJ-7 |
| MICHELLE SHIRES, | § | |
| | § | |
| DEBTORS | § | |

_____

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENJAMIN FRANKLIN COX, III AND | § | CASE NO. 07-20374-RLJ-7 |
| SHERRIE CRANK COX, | § | |
| | § | |
| DEBTORS | § | |

**MEMORANDUM OPINION AND ORDER**

In each of these closed bankruptcy cases, the debtors have filed a motion requesting that the Court reopen the case to (1) vacate the discharge and (2) to allow them to amend their schedules to insure that a creditor has received notice of the bankruptcy case. In the *Shires* case, the debtors need to correct an address for a creditor that was scheduled; in the *Cox* case, the

debtors need to add a debt (and creditor) that was not listed in their bankruptcy schedules.[1]

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

A notice was included with each motion stating that creditors and parties in interest had twenty days to file an objection to the requested relief. No objections were filed. Both cases are no-asset cases and creditors were instructed not to file proofs of claim.

The Court considers whether the debtors' reasons for reopening constitute sufficient "cause" to reopen the cases. *See* 11 U.S.C. § 350(b).[2] The debtors in these two cases are attempting to eliminate any risk that the debt held by the unlisted or unnoticed creditor is not discharged. Section 523(a)(3)(A) of the Code provides that the chapter 7 discharge does not discharge any debt neither listed nor scheduled in time to permit the timely filing of a proof of claim, provided such debt is not of the kind specified in paragraphs (2), (4), or (6) of subsection 523(a).[3] 11 U.S.C. § 523(a)(3)(A). If the debt is a paragraph (2), (4), or (6) debt, the debt must be listed or scheduled in time to permit both the timely filing of a proof of claim and a timely request for a determination of dischargeability of such debt. 11 U.S.C. § 523(a)(3)(B).

There is no indication that the mistakes here, the omission in *Cox* and the incorrect

---

[1]The same attorney represents the debtors in both cases.

[2]Section 350(b) of the Bankruptcy Code states that a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for such other cause.

[3]Paragraph (2) of subsection 523(a) generally concerns debts that arise from fraud by the debtor. Paragraph (a)(4) concerns debts arising from fraud or defalcation "while acting in a fiduciary capacity, embezzlement, or larceny[.]" Paragraph (a)(6) addresses debts arising from the "willful and malicious injury by the debtor to another . . . or to the property of another . . . [.]"

address in *Shires*, were intentional. In fact, the request to reopen and to correct the schedules is evidence of the debtors' good faith. As stated, both these cases are no-asset cases and creditors were instructed not to file proofs of claim. Accordingly, as to non-(2), (4), or (6) claims, section 523(a)(3)(A) does not apply; the debts are discharged and there is no reason to reopen the cases to address such claims.

To address potential (2), (4), or (6) claims, the debtors want to temporarily set aside the discharge to insure the discharge of the debt held by the omitted creditor or the incorrectly noticed creditor by, presumably, setting a deadline after reopening for such creditors to file any objections to dischargeability under paragraphs (2), (4), or (6). As the deadline for filing objections to dischargeability is sixty days from the section 341 creditors meeting, the deadline has long since passed. The problem with what the debtors want to accomplish is that neither the Code nor the Rules sanction a temporary vacation of the discharge. There is no basis under F.R.C.P. 60(b), as incorporated by F.R.B.P. 9024, to set aside the discharge order. *See also In re Rigal*, 254 B.R. 145, 147-48 (Bankr. S.D. Tex. 2000). Rule 4004(c)(2) provides, in addition, that the court may, on motion by the debtor, defer the entry of the discharge order. *See id.* The Court cannot defer entering an already-entered order. This rule further underscores the conclusion that a discharge order cannot be set aside for the sole purpose of allowing the addition of an omitted creditor. *Id*.

If either of the creditors here (whether omitted or deprived of notice because of an incorrect address) hold a debt of a kind specified at paragraphs (2), (4), or (6), such debt is not, under the clear wording of section 523(a)(3)(B), discharged. The Court, therefore, finds no compelling reason to reopen either of these cases to address any potential (2), (4), or (6) claims.

In conclusion, section 523(a)(3)(A) is not applicable given these are both no-asset cases. The debts, if not (2), (4), or (6) debts, are discharged. On the other hand, section 523(a)(3)(B) provides that, if the debts are (2), (4), or (6) debts, they are not discharged. The discharge cannot be set aside. The Court finds no reason or "cause" to justify the reopening of these cases.

It is, therefore,

ORDERED that the relief requested by the debtors in each of these bankruptcy cases on their motions seeking reopening of the cases is denied.

### End of Memorandum Opinion and Order ###